

# COURT OF APPEALS

SANDEE BRYAN
MARION
  CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

Thursday, February 26, 2015

Fred Hernandez
Val Verde County Assistant District
Attorney
P.O. Box 1405
Del Rio, TX 78841
* DELIVERED VIA E-MAIL *

Stephen Foster
310 S. St. Mary's
Suite 2400
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:   04-14-00671-CR
        Trial Court Case Number:   11297CR
        Style:  The State of Texas
             v.
             Raul Becerra Castorena

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Carmen De Leon
Deputy Clerk, Ext. 53262

cc: Patricia Phelps
John Price (DELIVERED VIA E-MAIL)
The Honorable Enrique Fernandez
Gene Steele (DELIVERED VIA E-MAIL)
Luz Clara Balderas (DELIVERED VIA E-MAIL)



# Fourth Court of Appeals
## San Antonio, Texas

Thursday, February 26, 2015

No. 04-14-00671-CR

The State of Texas,
Appellant

v.

Raul Becerra Castorena,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 11297CR
The Honorable Enrique Fernandez, Judge Presiding

# O R D E R

Sitting: Sandee Bryan Marion, Chief Justice
       Luz Elena D. Chapa, Justice
       Jason Pulliam, Justice

The State of Texas appeals the trial court's September 3, 2014, order granting Raul Becerra Castorena's motion to quash the indictment. That order resulted from a hearing held in the trial court on July 26, 2012. The official reporter notified this court that he was away from the court on the day of the hearing on the motion to quash and that he had been unable to ascertain whether a record was made of the proceedings. When the trial court and the court reporter were unable to identify and locate the reporter who may have taken the record, we abated the appeal for the trial court to conduct a hearing and make fact findings.

In accordance with our order, the trial court held hearings on January 29, 2015 and February 12, 2015, and made written findings. The court's findings and reporter's records of the hearings have been filed in a supplemental record. The court's findings are attached to this order. We **reinstate** this appeal on the docket of this court and adopt the trial court's findings.

**Record of the July 26, 2012 hearing**

We conclude that the record of the July 26, 2012, hearing, if one was taken, has been lost or destroyed and cannot be replaced. However, the State was required to request the record in writing at or before the time for perfecting the appeal and file a copy of the request with the trial

court clerk. TEX. R. APP. P. 34.6(b)(1), (2). The deadline for perfecting the appeal in this case was September 23, 2014. The trial court found that no written request for the reporter's record was made, and no request appears in the clerk's record or on the docket sheet. The trial court was unable to determine when the State's informal request for the record was made, other than that the request was made on or before December 8, 2014.

This appeal will proceed without a record of the July 26, 2012, hearing unless the State files a response by **March 9, 2015** (1) establishing that it timely requested the record be prepared and (2) explaining why the record of the July 26, 2012, non-evidentiary hearing is necessary to the resolution of the appeal. *See* TEX. R. APP. P. 34.6(f)(1), (3).

**Record of the March 2011 trial**

During the abatement, the State made the court reporter and trial court aware that it is also requesting a complete record of the March 2011 jury trial that resulted in a mistrial. The court noted that the court reporters have begun preparing the record. We **order** court reporters **John Price** and **Gene Steele** to file the reporter's record of the March 2011 trial by **March 30, 2015**. If agreed or substitute copies of State's Exhibit 2 and Defendant's Exhibit 3 have not been provided to the reporters by the time the record is due, the record should be filed with placeholders indicating those exhibits are missing.

**State's Exhibit 2 and Defendant's Exhibit 3 from the March 2011 trial**

The trial court found that Defendant's Exhibit 3 is lost and that State's Exhibit 2 may be lost. We **order** the parties to cooperate in attempting to reach an agreement as to replacement copies of these exhibits and to deliver the agreed replacements to the court reporter.

We **order** the State to file a report, no later than **March 19, 2015**, both with this court and the trial court, either stating that the exhibits have been replaced by agreement or setting forth the reasons no agreement could be reached and the nature of any disagreements about the accuracy of any proposed replacement.

If the exhibits are not replaced by agreement of the parties, the trial court shall make findings, with or without a hearing at the trial court's discretion, as to whether either exhibit can be replaced "with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit." *See* TEX. R. APP. P. 34.6(f)(4). If the exhibits can be replaced, they should be delivered to the court reporter for inclusion in the record. Any findings made by the trial court pursuant to this order should be filed with this court in a supplemental record by **March 30, 2015**.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of February, 2015.

_____
Keith E. Hottle
Clerk of Court